ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann, CA Bar No. 229832
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635
Co-Counsel for Plaintiff Brown and the Putative Class

JULIE A. DUNNE, Bar No. 160544
jdunne@littler.com
RUTH N. DAPPER, Bar No. 302498
rdapper@littler.com
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441
Facsimile: 619.232.4302

*[Additional Counsel on Next Page]*

JS-6

FILED
CLERK, U.S. DISTRICT COURT
July 16, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_VPC\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAREL BROWN, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAKS & COMPANY, LLC a Delaware Limited Liability Corporation, and DOES 1 thru 50, inclusive,,<br><br>Defendants. | Case No. 2:17-cv-04210 (SJO)<br><br>HON. S. JAMES OTERO<br><br>**FINAL APPROVAL ORDER AND FINAL JUDGMENT**<br><br>Complaint Filed: June 6, 2017 |

MELMED LAW GROUP, P.C.
Jonathan Melmed, CA Bar No. 290218
jm@melmedlaw.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 824-3828
Facsimile: (310) 862-6851

WINSTON LAW GROUP, P.C.
David Winston, CA Bar No. 301667
david@employmentlitigators.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (424) 288-4568
Facsimile: (424) 532-4062

Co-Counsel for Plaintiff Brown and the Putative Class

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

**[PROPOSED] FINAL APPROVAL ORDER AND FINAL JUDGMENT**

WHEREAS, this matter has come before the Court for hearing pursuant to the Preliminary Approval Order dated March 22, 2018, for final approval of the Settlement as set forth in the Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement"), and

WHEREAS, the Court having considered all papers filed and arguments presented and otherwise being fully informed, **THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS**:

1. This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including the Plaintiff and Class Members.

3. Defendant promulgated the notice required by the Class Action Fairness Act ("CAFA") on March 30, 2018. CAFA provides that "[a]n order giving final approval of a proposed settlement may not be issued earlier than 90 days after the requisite notice is provided. 28 U.S.C. § 1715(d). Here, the requisite time has passed since service of the notice for this Court to issue this Order.

4. Pursuant to the Preliminary Approval Order, the appointed Settlement Administrator, Simpluris, Inc., mailed a Notice of Settlement to all known Class Members by First Class U.S. Mail. The Notice of Settlement fairly and adequately informed Class Members of the terms of the proposed Settlement and the benefits available to Class Members thereunder. The Notice of Settlement further informed Class Members of the pendency of the Action, of the proposed Settlement, of their right to receive their share of the Settlement, of the scope and effect of the Settlement's Released Claims, of the preliminary Court approval of the proposed Settlement, of the exclusion and objection timing and procedures, of the date of the Final Approval Hearing and of the right to appear in connection with the Final

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Approval Hearing. Class Members had adequate time to use each of these procedures. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Notice provided in the Action was the best notice practicable, which satisfied the requirements of law and due process.

5. In response to the Notice, no Class Members objected to the Settlement and only two Class Members requested exclusion from the Settlement.

6. The Court finds that the Settlement offers significant monetary recovery to all Class Members and finds that such recovery is fair, adequate, and reasonable when balanced against further litigation related to liability and damages issues. The Court further finds that extensive and costly investigation, formal and informal discovery, research and litigation have been conducted such that Class Counsel and Defense Counsel are able to reasonably evaluate their respective positions at this time. The Court finds that the proposed Settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the risks and delay inherent to further prosecution of the Action. The Court further finds that the Settlement has been reached as the result of intensive, serious, and non-collusive, arms-length negotiations. Thus, the Court approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate, and reasonable and directs the Parties to effectuate the Settlement according to its terms.

7. The Court hereby orders the Settlement Administrator to distribute the Individual Settlement Payments to Class Members in accordance with the provisions of the Settlement.

8. For purposes of this Order and for this Settlement only, the Court hereby certifies the Class, as defined in the Settlement Agreement.

9. For purposes of this Order and this Settlement only, the Court hereby

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

confirms the appointment of Plaintiff Jarel Brown as the class representative for the Class. Further, the Court approves a Service Award to Plaintiff in the amount of Seven Thousand Dollars ($7,000). The Court hereby orders the Settlement Administrator to distribute the Service Award to Plaintiff in accordance with the provisions of the Settlement.

10. For purposes of this Order and this Settlement only, the Court hereby confirms the appointment of Craig J. Ackermann of Ackermann & Tilajef, P.C.; Jonathan Melmed of Melmed Law Group, P.C.; and David Winston of Winston Law Group, P.C., as Class Counsel. Further, the Court finally approves a Class Counsel Fees Award, as fair and reasonable, not to exceed 25% of the Total Settlement Amount or One Hundred Fifty-Nine Thousand, Seven Hundred Dollars ($159,700), which will be distributed as 1/3 Ackermann & Tilajef, P.C.; 1/3 to Melmed Law Group, P.C.; and 1/3 to Winston Law Group, P.C. As well, the Court finally approves a Class Counsel Costs Award, as fair and reasonable, not to exceed Eight Thousand, Seven Hundred and Seven Dollars and Fifty-Six Cents ($8,707.56), which will be distributed as Five Thousand, Four Hundred and Twenty-Two Dollars and Seventeen Cents ($5,422.17) to Ackermann & Tilajef, P.C.; One Thousand, Four Hundred and Nineteen Dollars and Fifty-Two Cents ($1,419.52) to Melmed Law Group, P.C.; and One Thousand, Eight Hundred and Sixty-Five Dollars and Eighty-Seven Cents ($1,865.87) to Winston Law Group, P.C. The Class Counsel Fees Award and Class Counsel Costs Award shall be for all claims for Class Counsel's attorneys' fees and litigation costs past, present and future incurred in the prosecution and resolution of the Claims and neither Class Counsel, nor any other counsel, shall be permitted to petition the Court, or to accept any payments, for fees and costs relating to the prosecution and resolution of the Claims other than the Class Counsel Fees Award and Class Counsel Costs Award. The Court hereby orders the Settlement Administrator to distribute the Class Counsel Fees Award and Class Counsel Costs Award to Class Counsel in accordance with the provisions of the Settlement.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

11. For purposes of this Order and this Settlement only, the Court hereby finally approves Settlement Administration Costs of Ten-Thousand Five-Hundred Dollars ($10,500) as fair and reasonable.

12. As of the Effective Date, every Class Member shall have conclusively released the Released Claims against the Released Parties, including for any injunctive or declaratory relief.

13. Pursuant to the Settlement Agreement, Plaintiff agrees to a Complete and General Release and a 1542 Waiver to the Released Parties, as defined and set forth fully in the Settlement Agreement.

14. After Settlement administration has been completed in accordance with the Settlement Agreement, and in no event later than 180 days after the Effective Date, Defendant shall file a report with this Court certifying compliance with the terms of the Settlement.

15. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendant or any of the other Released Parties of any fault, wrongdoing or liability whatsoever. Nor is this Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendant or any of the other Released Parties. The entering into or carrying out of the Settlement Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant or any of the other Released Parties and shall not be offered in evidence against Defendant or any of the Released Parties in any action or proceeding in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order, the Settlement Agreement, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding this Order, the Settlement Agreement, or any other papers

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

and records on file in the Action as evidence of the Settlement and to support a defense of *res judicata*, collateral estoppel, release, waiver or other theory of claim preclusion, issue preclusion or similar defense as to the Released Claims.

16. If the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, resulting in the return and/or retention of the Settlement funds to Defendant consistent with the terms of the Settlement, then this Order and all orders entered in connection herewith, including any order certifying the Class, appointing a class representative or Class Counsel, shall be rendered null and void and shall be vacated.

17. Final Judgment is hereby entered based on the parties' class action Settlement Agreement. Without affecting the finality of this Final Approval Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

**IT IS SO ORDERED**:

Dated: July 16, 2018

*S. James Otero*
_____
Hon. S. James Otero

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441